UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ANGEL PIMENTEL, on behalf of himself, individually, and on behalf of all others similarly-situated,

                              Plaintiff,

      -against-

BARONE STEEL, INC.,

                              Defendant.
-----------------------------------------------------------------X

**COMPLAINT**

Docket No.: 19-cv-07280

**Jury Trial Demanded**

ANGEL PIMENTEL, on behalf of himself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs," as those terms are defined below), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against BARONE STEEL, INC. ("Defendant"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

**NATURE OF CASE**

1.     This is a civil action for damages and equitable relief based upon violations that Defendant committed of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 142-2.2; (iii) the NYLL's requirement that employers not make unlawful deductions from employees' earned wages without written consent, NYLL § 193, 12 NYCRR § 142-2.10; (iv) the NYLL's requirement that employers furnish employees with wage statements containing specific categories of accurate information on each payday, NYLL § 195(3); (v) the Internal Revenue Code's ("IRC") prohibition against any person willfully filing a fraudulent information return with

1

respect to payments purportedly made to any other person, 26 U.S.C. § 7434(a); and (vi) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff worked for Defendant - - a Brooklyn-based construction and steel fabrication company - - from on or about March 8, 2018 until on or about August 3, 2019, first as a helper assisting Defendant's iron workers while learning that position, and then as an iron worker. As described below, throughout Plaintiff's employment, Defendant failed to pay Plaintiff the wages lawfully due to him under the FLSA and the NYLL. Specifically, in both positions, Defendant required Plaintiff to routinely work, and Plaintiff did work, in excess of forty hours each week, or virtually each week, but Defendant failed to compensate Plaintiff at the rate of one and one-half times his regular rate of pay for any hours that Plaintiff worked in excess of forty in a week. Instead, as reflected on his paystubs, and to the best of Plaintiff's recollection, the wage notice with which Defendant provided him at hire, Defendant paid Plaintiff at an hourly rate for only his first forty hours of work each week, and thus Defendant failed to compensate Plaintiff at any rate of pay for the hours that he worked in excess of forty each week, let alone at the statutorily-required overtime rate of one and one-half times his regular hourly rate of pay for any hours that Plaintiff worked in excess of forty in a week, in violation of the FLSA and the NYLL.

3. Additionally, Defendant, on a regular basis, without Plaintiff's express written authorization, unlawfully deducted $150.00 from Plaintiff's weekly pay for unspecified "expenses," in violation of the NYLL and the NYCRR.

4. Furthermore, Defendant failed to provide Plaintiff with accurate wage statements on each payday as the NYLL requires.

5. Making matter worse, Defendant willfully filed a fraudulent W-2 information return with the Internal Revenue Service ("IRS") on Plaintiff's behalf for the tax year 2018, which reflected more earned income than Defendant actually paid Plaintiff, in violation of the IRC.

6. Defendant paid and treated all of its helpers and iron workers in the same manner.

7. Accordingly, Plaintiff brings this lawsuit against Defendant pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendant's violations of the FLSA. Plaintiff brings his claims under the NYLL and the IRC on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-into this action.

8. Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable NYLL limitations period who suffered damages as a result of Defendant's violations of the NYLL and the supporting New York State Department of Labor regulations, as well as the IRC.

## JURISDICTION AND VENUE

9. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq.* and 26 U.S.C. § 7434. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

10. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

**PARTIES**

11. At all relevant times herein, Plaintiff worked for Defendant in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR, and a "person" entitled to protection under the IRC.

12. At all relevant times herein, Defendant was and is a corporation organized and existing under the laws of the State of New York that is registered with the New York State Department of State to receive service of process at 128 44th Street, Brooklyn, New York 11204, and that maintains its principal place of business at the same address.

13. At all relevant times herein, Defendant was and is an "employer" within the meaning of the FLSA and the NYLL, and a "person" within the meaning of the IRC. Additionally during all times relevant to the FLSA, Defendant's qualifying annual business exceeded and exceeds $500,000.00, and Defendant was and is engaged in interstate commerce within the meaning of the FLSA, as it employs two or more employees, and uses goods, equipment, and other materials in the course of its business, such as iron and tools, much of which originates in states other than New York, such as California and Texas, the combination of which subjects Defendant to the FLSA's overtime requirements as an enterprise.

**COLLECTIVE ACTION ALLEGATIONS**

14. Plaintiff seeks to bring this suit to recover from Defendant unpaid overtime compensation and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former non-managerial helpers, iron workers, or those who worked in a similar role, who during the applicable FLSA limitations period, performed any work for Defendant, and who consent to file a claim to recover damages for overtime

compensation and liquidated damages that is legally due to them ("FLSA Plaintiffs").

15. Defendant treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

16. At all times during the applicable FLSA limitations period, Defendant is and has been aware of the requirement to pay Plaintiff and all FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet it purposefully and willfully chose and chooses not to do so.

17. Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendant's pervasive practice of willfully refusing to pay its employees overtime compensation for all hours worked per workweek above forty, in willful violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

18. In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), individually, on his own behalf, as well as on behalf of those who are similarly-situated who, during the applicable limitations period, Defendant subjected to violations of the NYLL, the NYCRR, and the IRC.

19. Under FRCP 23(b)(3), a plaintiff must plead that:

    a. The class is so numerous that joinder is impracticable;

    b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

      c.      Claims or defenses of the representative are typical of the class;

      d.      The representative will fairly and adequately protect the class; and

      e.      A class action is superior to other methods of adjudication.

20.     Plaintiff seeks certification of the following FRCP 23 class:

> Current and former non-managerial helpers, iron workers, or those who worked in a similar role, who during the applicable NYLL and/or IRC limitations period, performed any work for Defendant within the State of New York ("Rule 23 Plaintiffs").

<u>Numerosity</u>

21.     During the previous six years, Defendant has employed at least forty employees who are putative members of this class.

<u>Common Questions of Law and/or Fact</u>

22.     There are questions of law and fact common to each and every Rule 23 Plaintiff that predominate over any questions solely affecting individual members of the FRCP 23 class, including but not limited to the following: (1) the duties that Defendant required and requires Rule 23 Plaintiffs to perform; (2) the manner of compensating Rule 23 Plaintiffs; (3) whether Rule 23 Plaintiffs worked in excess of forty hours in a week; (4) whether Defendant paid and pays Rule 23 Plaintiffs overtime wages at the rate of one and one-half times their respective regular rates of pay for all hours worked over forty in a week; (5) whether Defendant took and takes unlawful deductions from Rule 23 Plaintiffs' wages; (6) whether Defendant filed fraudulent information returns with the IRS on behalf of the Rule 23 Plaintiffs; (7) whether Defendant failed and fails to furnish Rule 23 Plaintiffs with wage statements on each payday that accurately contain the information required by NYLL § 195(3); (8) whether Defendant kept and maintained accurate records of hours that the Rule 23 Plaintiffs worked; (9) whether Defendant kept and maintained records with respect to the compensation that it paid to the Rule 23 Plaintiffs for each hour worked;

6

(10) whether Defendant has any affirmative defenses to any of the Rule 23 Plaintiffs' claims; (11) whether Defendant's actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL, the NYCRR, and the IRC; and (12) if so, what constitutes the proper measure of damages.

Typicality of Claims and/or Defenses

23. As described in the "Background Facts" section below, Defendant employed Plaintiff and Rule 23 Plaintiffs within the meaning of the NYLL and the NYCRR, and Plaintiff and Rule 23 Plaintiffs are all "persons" within the meaning of the IRC. Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom he seeks to represent, as the Rule 23 Plaintiffs work and/or have worked for Defendant in New York, and Defendant: did and does not pay them overtime wages for all hours that they work over forty in a week; and/or did and does take unlawful deductions from their earned wages; and/or did and does not furnish them with accurate wage statements on each payday; and/or did and does file fraudulent information returns with the IRS on their behalves. Plaintiff and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL, the NYCRR, and the IRC to be paid all of their earned overtime wages, not have their employer make deductions from their wages without their express written authorization, to be furnished with accurate wage statements on each payday, and to not have their employer file fraudulent information returns on their behalves with the IRS. Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendant's failure to comply with the NYLL, the NYCRR, and the IRC. Plaintiff and the Rule 23 Plaintiffs all have suffered injury, including lack of compensation or under-compensation due to Defendant's common policies, practices, and patterns of conduct. Thus, Plaintiff's claims and/or Defendant's defenses to those claims are typical of the Rule 23 Plaintiffs' claims and the Defendant's defenses to those claims.

<u>Adequacy</u>

24. Plaintiff, as described below, has worked the same or similar hours as the Rule 23 Plaintiffs throughout his employment with Defendant. Defendant did not pay Plaintiff overtime wages at the rate of time and one-half his respective regular rate of pay for all hours worked over forty in a week, regularly made unlawful deductions from Plaintiff's weekly pay, did not furnish Plaintiff with accurate wage statements on each payday, and filed fraudulent information returns on Plaintiff's behalf with the IRS, which is substantially similar to how Defendant paid and treated and pays and treats the Rule 23 Plaintiffs. Plaintiff fully anticipates providing discovery responses and testifying under oath as to all of the matters raised in this Complaint and that will be raised in the Defendant's Answer. Thus, Plaintiff would properly and adequately represent the current and former employees whom Defendant has subjected to the treatment alleged herein.

25. Additionally, Plaintiff's counsel has substantial experience in this field of law.

<u>Superiority</u>

26. Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, Defendant has treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

27. Any lawsuit brought by any helper, iron worker, or someone who worked in a similar role for Defendant in New York would be identical to a suit brought by any other similar employee for the same violations. Thus, separate litigation would risk inconsistent results.

28. Accordingly, the means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

**BACKGROUND FACTS**

29. Defendant is a New York corporation that operates a Brooklyn-based construction and steel fabrication company.

30. On or about March 8, 2018, Plaintiff commenced his employment with Defendant as a helper. Approximately two months later, on or about May 8, 2018, Plaintiff began working as an iron worker, a role in which he remained until the termination of his employment on or about August 3, 2019.

31. As a helper, Plaintiff's primary duties consisted of assisting Defendant's iron workers in performing their duties by, *inter alia*, handing the iron worker necessary tools and other materials, while also learning what the iron worker role entails. As an iron worker, Plaintiff's primary duties consisted of, generally, installing iron in Defendant's clients' commercial buildings, located primarily in Brooklyn, Manhattan, and Queens.

32. From the beginning of his employment on or about March 8, 2018 until on or about July 13, 2019, Defendant required Plaintiff to work, and Plaintiff did in fact work, six days per week, Monday through Saturday from 7:00 a.m. to 5:30 p.m., with an uninterrupted thirty-minute break during each of his shifts, for a total of sixty hours per week. Thereafter, from on or about July 14, 2019 until the end of his employment on or about August 3, 2019, Defendant required Plaintiff to work, and Plaintiff did in fact work, the same six days per week, from 7:00 a.m. to 3:30 p.m., with an uninterrupted thirty-minute break during each of his shifts, for a total of forty-eight hours per week.

33. In exchange for his work, throughout his employment, as reflected on his paystubs, Defendant compensated Plaintiff at the following regular hours rates of pay: from the beginning of Plaintiff's employment until in or around November 2018, $16.00 per hour; from in or around

December 2018 until in or around April 2019, $17.00 per hour; from in or around May 2019 through the end of Plaintiff's employment, $19.00 per hour.

34. As further reflected on his paystubs, Defendant paid Plaintiff at his then-applicable regular rate of pay for only the first forty hours that Plaintiff worked in a week. Thus, throughout Plaintiff's entire employment, Defendant failed to pay Plaintiff any rate of pay, let alone at the rate of one and one-half times his regular rate, which spanned from $24.00 to $28.50, for any hours that Plaintiff worked in excess of forty in a week.

35. By way of example only, during the week of May 9 through 15, 2018, Defendant required Plaintiff to work, and Plaintiff did in fact work, the following schedule, with an uninterrupted thirty-minute break during each of his shifts:

> Wednesday, May 9, 2018: 7:00 a.m. until 5:30 p.m.;
>
> Thursday, May 10, 2018: 7:00 a.m. until 5:30 p.m.;
>
> Friday, May 11, 2018: 7:00 a.m. until 5:30 p.m.;
>
> Saturday, May 12, 2018: 7:00 a.m. until 5:30 p.m.;
>
> Sunday, May 13, 2018: off;
>
> Monday, May 14, 2018: 7:00 a.m. until 5:30 p.m.;
>
> Tuesday, May 15, 2018: 7:00 a.m. until 5:30 p.m.

Accordingly, Plaintiff worked a total of sixty hours during this week. In exchange for his work, as reflected on his paystub for this week, Defendant paid Plaintiff $16.00 per hour for only the first forty hours that Plaintiff worked, and failed to pay Plaintiff at any rate of pay, let alone at the statutorily-required rate of one and one-half times his regular rate of pay, which was $24.00, for any hours that Plaintiff worked over forty during this week.

36. By way of a second example only, during the week of July 10 through 16, 2019, Defendant required Plaintiff to work, and Plaintiff did in fact work, the following schedule, with an uninterrupted thirty-minute break during each of his shifts:

Wednesday, July 10, 2019: 7:00 a.m. until 3:30 p.m.;

Thursday, July 11, 2019: 7:00 a.m. until 3:30 p.m.;

Friday, July 12, 2019: 7:00 a.m. until 3:30 p.m.;

Saturday, July 13, 2019: 7:00 a.m. until 3:30 p.m.;

Sunday, July 14, 2019: off;

Monday, July 15, 2019: 7:00 a.m. until 3:30 p.m.;

Tuesday, July 16, 2019: 7:00 a.m. until 3:30 p.m.

Accordingly, Plaintiff worked a total of forty-eight hours during this week. In exchange for his work, as reflected on his paystub for this week, Defendant paid Plaintiff $19.00 per hour for only the first forty hours that Plaintiff worked, and failed to pay Plaintiff at any rate of pay, let alone at the statutorily-required rate of one and one-half times his regular rate of pay, which was $28.50, for any hours that Plaintiff worked over forty during this week.

37. Additionally, throughout Plaintiff's employment, on a regular basis when Defendant paid Plaintiff, Defendant deducted from Plaintiff's wages sums for unspecified "expenses," in amounts ranging from $76.00 to $150.00, without Plaintiff's express written authorization, which were for Defendant's sole benefit as Defendant kept the money for its own use.

38. Moreover, on each occasion that Defendant deducted these unspecified "expenses" from Plaintiff's wages, Defendant did so from Plaintiff's net pay, already having deducted taxes as if Plaintiff had actually been paid these amounts.

39. Yet, despite never paying Plaintiff this money, and despite Defendant's knowledge that it never paid Plaintiff this money, Defendant issued Plaintiff a fraudulent IRS Form W-2 information return for the 2018 tax year, containing the unlawfully deducted "expenses" as part of Plaintiff's 2018 income.

40. Defendant willfully filed or caused to be filed this fraudulent information return with the IRS on or about January 31, 2019.

41. Defendant paid Plaintiff on a weekly basis by check.

42. On each occasion when Defendant paid Plaintiff, Defendant failed to provide Plaintiff with a wage statement that accurately listed, *inter alia*, his hours worked for the week or his overtime rate of pay for all hours worked over forty in a week.

43. Defendant treated Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs in the same manner described herein.

44. Defendant acted in this manner to maximize its profits while minimizing its labor costs and overhead.

45. Each hour that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have worked was and is for Defendant's benefit.

### **FIRST CLAIM FOR RELIEF AGAINST DEFENDANT**
*Unpaid Overtime under the FLSA*

46. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

47. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

48. As described above, Defendant is an employer within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

49. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendant failed to compensate them in accordance with the FLSA's overtime provisions.

50. Defendant willfully violated the FLSA.

51. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

52. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendant's violations of the FLSA's overtime provisions.

### SECOND CLAIM FOR RELIEF AGAINST DEFENDANT
*Unpaid Overtime under the NYLL and the NYCRR*

53. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

54. NYLL § 160 and 12 NYCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

55. As described above, Defendant is an employer within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are employees within the meaning of the NYLL and the NYCRR.

56. As also described above, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into-this action, worked in excess of forty hours in a workweek, yet Defendant failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

57. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are entitled to their overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

58. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendant's violations of the NYLL's and the NYCRR's overtime provisions.

## THIRD CLAIM FOR RELIEF AGAINST DEFENDANT
*Unlawful Deductions in Violation of the NYLL and the NYCRR*

104. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

105. NYLL § 193 and 12 NYCRR § 142-2.10 prohibit employers from making any deduction from an employee's wages, outside of certain limited enumerated circumstances, and only upon obtaining that employee's express written consent.

106. As described above, Defendant is an employer within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are employees within the meaning of the NYLL and the NYCRR.

107. As also described above, Defendant made unlawful deductions from the wages of Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action.

108. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are entitled to recover from Defendant the amount of each unlawful deduction.

109. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendant's violations of the NYLL's and the NYCRR's unlawful deduction provisions.

## FOURTH CLAIM FOR RELIEF AGAINST DEFENDANT
*Failure to Furnish Accurate Wage Statements in Violation of the NYLL*

59.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

60.     NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

61.     As described above, Defendant is an employer within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are employees within the meaning of the NYLL.

62.     As also described above, Defendant, on each payday, failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA-Plaintiff who opts-into this action, with wage statements on each payday that accurately contained all of the criteria required under the NYLL.

63.     Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendant is liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, in the amount of $100.00 for each workweek after the violation occurred, up to a statutory cap of $2,500.00.

64.     On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendant is liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, in the amount of $250.00 for each workday after the violation occurred, up to a statutory cap of $5,000.00.

### FIFTH CLAIM FOR RELIEF AGAINST DEFENDANT
*Willfully Filing a Fraudulent Information Return in Violation of the IRC*

59. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

60. 26 U.S.C. § 7434(a) prohibits any person from willfully filing a fraudulent information return with the IRS with respect to payments purported to be made to any other person.

61. As described above, Defendant willfully filed fraudulent IRS Form W-2s on behalf of Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action.

62. As a result, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are entitled, for each fraudulent return that Defendant filed, to an amount equal to the greater of $5,000.00, or the sum of any actual damages that they sustained as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such filing), the costs of this action, and, in the court's discretion, reasonable attorneys' fees.

63. Pursuant to 26 U.S.C. § 7434(d), contemporaneous with the filing of this Complaint, Plaintiff is providing a copy of this Complaint to the IRS.

### DEMAND FOR A JURY TRIAL

64. Pursuant to FRCP 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury on all claims in this action.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, FLSA Plaintiffs and Rule 23 Plaintiffs demand judgment against Defendant as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendant and its officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendant from any retaliation against Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs for participation in any form of this litigation;

d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e. Certification of the claims brought in this case under the NYLL as a class action pursuant to FRCP 23;

f. Designation of Plaintiff and his counsel as class/collective action representatives under the FRCP and the FLSA;

g. All damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of Defendant's conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for Defendant's unlawful payment practices;

h. Liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

i. An amount equal to the greater of $5,000.00 or the sum of any actual damages sustained by Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs as a proximate result of Defendant's filing of any fraudulent information returns, including any costs attributable to resolving deficiencies asserted as a result of each such filing;

j. Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and any other costs and expenses, and an award of a service payment to Plaintiff;

k. Pre-judgment and post-judgment interest, as provided by law; and

l. Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs any other and further relief as this Court finds necessary and proper.

Dated: Garden City, New York
December 30, 2019

Respectfully submitted,

BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiff*
910 Franklin Avenue, Suite 200
Garden City, New York 11530
Tel. (516) 248-5550
Fax. (516) 248-6027

By: _____
DANIELLE E. MIETUS (DM 4136)
ALEXANDER T. COLEMAN (AC 8151)
MICHAEL J. BORRELLI (MB 8533)